IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RAYMAK ENTERPRISES, LLC, | § | Case No. 23-40141-btr-13 |
| | § | (Chapter 7) |
| Debtor | § | |

**CIT BANK'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AGAINST PROPERTY OR,
ALTERNATIVELY, FOR ADEQUATE PROTECTION,
AND WAIVER OF 30-DAY HEARING REQUIREMENT**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW First-Citizens Bank & Trust Company aka CIT Bank ("***Bank***"), a secured creditor and party in interest in the above-styled chapter 7 case, and files this its Motion for Relief from the Automatic Stay Against Property or, Alternatively, for Adequate Protection (the "***Motion***"). In support of its Motion, Bank would respectfully show the Court as follows:

## I.
## JURISDICTION

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28

U.S.C. § 1334, and this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## II.
## BACKGROUND

2. On January 25, 2023 (the "**Petition Date**"), Raymak Enterprises, LLC (the "**Debtor**") filed its voluntary petition for relief under chapter 7. Mark Weisbart is the chapter 7 trustee ("**Trustee**").

3. Prior to the Petition Date, Bank provided purchase money financing to the Debtor, as borrower, to acquire certain trucks (as more particularly described hereinbelow, the "**Equipment**") pursuant to the following agreements (collectively, the "**Loan Agreements**"):

    a. Installment Payment Agreement dated October 26, 2021 contract no. XXX-XXX9994-000 in the original principal amount of $29,942.31 to be repaid in 36 installments of $938.15 each and which enabled Debtor's acquisition of a 2012 Freightliner Cascadia truck tractor VIN 1FUJGLDR1CSBH2371;

    b. Installment Payment Agreement dated July 22, 2022 contract no. XXX-XXX3176-000 in the original principal amount of $97,180.00 to be repaid in 36 installments of $3,175.57 each and which enabled Debtor's acquisition of three (3) 2013 Freightliner Cascadia sleeper truck tractors VINs 3AKJGLDR4DSFB9370, 1FUJGLDRXDSBV3310, and 1FUJGLDR2DLBT3711;

    c. Master EFA Agreement and Equipment Schedule contract no. XXX-XXX6650-000 thereto dated December 15, 2021 in the original principal amount of $111,658.83 to be repaid in 36 installments of $3,672.44 each and which enabled Debtor's acquisition of three (3) 2014 Freightliner Cascadia truck tractors VINs 3AKJGLD67ESFM1357, 3AKJGLD69ESFM1389, and

3AKGGLD56ESFY0703;

    d.    Master EFA Agreement and Equipment Schedule contract no. XX-XXX2162-000 thereto dated January 26, 2022 with financing to be repaid in 48 installments of $911.83 each and which enabled Debtor's acquisition of a 2011 Peterbilt model 386 truck tractor VIN 1XPHD49X1BD129471; and

    e.    Master EFA Agreement and Equipment Schedule contract no. XXX-XXX2304-000 thereto dated March 9, 2022 in the original principal amount of $165,850.00 to be repaid in 36 installments of $5,402.03 each and which enabled Debtor's acquisition of three (3) 2016 model year truck tractors, including a Freightliner VIN 3AKJGLBG0GSGW1760 and two (2) Internationals VINs 3HSDJAPR0GN137182 and 3HSDJAPR6GN137185.

4.    A true and correct copy of the Loan Agreements are attached as **Exhibit A** hereto.

5.    As security for the obligations under the Loan Agreement, the Debtor granted to Bank a purchase money security interest in Equipment, and Bank duly and properly perfected such security interest by noting its lien on the certificate of title issued for the Equipment by the state(s) wherein titled. True and correct copies of the evidences of perfection are included in Exhibit A hereto.

6.    Prior to the Petition Date, the Debtor defaulted under the Loan Agreements by failing to make its monthly payments due thereunder.

6.    As of the Petition Date, the Debtor owed at least $409,083.14 under the Loan Agreements, comprised (together with estimated orderly liquidation value of Equipment under each contract) as follows:

| Contract no. | Amount owing | Est. orderly liquidation value |
|---|---|---|
| -9994 | $ 24,825.27 | $ 15,000.00 |
| -3176 | $110,874.60 | $ 62,000.00 |
| -6650 | $ 92,846.00 | $ 55,000.00 |
| -2162 | $ 35,029.83 | $ 23,000.00 |
| -2304 | $145,507.44 | $ 69,130.00 |

In its bankruptcy schedules, the Debtor appears to value the Equipment, collectively, at a value of $326,866.00.

7. The Trustee and/or Debtor continues to possess the Equipment but has not offered adequate protection.

### III.
### BASIS FOR RELIEF

8. Bank is entitled to relief from the automatic stay under § 362(d)(1) for cause, including the lack of adequate protection in the Equipment, as required by §§ 361 and 363(e), which the Trustee has neither offered nor provided. Adequate protection is required due to the continuing diminution in value of the Equipment from wear and tear, weathering, depreciation from use, and technological obsolescence with passage of time. It is appropriate and necessary for the Trustee to adequately protect Bank's interest in the Equipment by making monthly cash payments equal to the amount of its diminution in value, and maintaining adequate loss insurance on the Equipment. Bank has not been furnished with recent proof of insurance on the Equipment.

9. Alternatively, Bank is entitled to relief from the automatic stay under § 362(d)(2)

because the Debtor has no equity in the Equipment, and the Equipment is not necessary to an effective reorganization by the Debtor as this is a chapter 7 case.

10. In the event that the Court determines that the automatic stay should be modified in favor of Bank, there is cause for waiver of the 14-day stay period of Rule 4001(a)(3) because Bank is in a better financial position than the Trustee to insure, maintain, protect, and preserve the Equipment during such period.

## IV.
## AUTHORITIES

Section 362(d) of the Bankruptcy Code provides that "the court shall grant relief from the stay provided under [Section 362(a)] . . . by terminating, annulling, modifying, or conditioning such stay" (1) "for cause, including the lack of adequate protection of an interest in property" or (2) "if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d).

Section 363(e) expressly requires that, upon request of an entity with an interest in property to be used, sold, or leased, the Court prohibit or condition the use of such property as necessary to provide adequate protection of such interest. "[T]he requirement of adequate protection in section 363(e) is mandatory. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3 COLLIER ON BANKRUPTCY ¶ 363.05[2] (16th ed. 2016); *In re First South Sav. Assoc.*, 820 F.2d 700, 710 (5th Cir. 1987) (the focus of adequate protection "is protection of the secured creditor from diminution in the value of its collateral during the reorganization process"); *In re Bufford*, 343 B.R. 827, 838 (Bankr. N.D.Tex. 2006) ("adequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted"); 3 COLLIER at ¶ 363.05[2]. "[A]n interest is not adequately protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas*

*v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 369 (1988). "[I]n a proceeding arising under § 362(d)(1), the debtor must prove that the secured creditor's interest is adequately protected, or the automatic stay will lift." *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986), *affirmed,* 484 U.S. 365 (1988).

In *In re Geijsel,* 480 B.R. 238 (Bankr. N.D. Tex. 2012), a dairy reorganization case, the Court likewise observed that "[t]he purpose of adequate protection is to adequately protect creditors from the diminution of value in a creditor's collateral." *Id.* at 265, n. 19.   In *Chase Manhattan Bank U.S.A. v. Stembridge (In re Stembridge)*, 394 F.3d 383 (5th Cir. 2004), the Fifth Circuit observed:

> The automatic stay is instituted at the filing of the petition. *See id.* at *§ 362(a)*. It is at that point that the protection of secured creditors' assets begins with the provision of adequate protection: *section 362* connects the continuation of the automatic stay to the provision of adequate protection, which may be provided by "requiring the trustee to make a cash payment or periodic cash payments . . . to the extent that the stay under *section 362* . . . results *in a decrease in the value* of such entity's interest in such property." *Id.* at *§ 361(1)* (emphasis added). Therefore, the code specifically ensures the protection of a secured creditor's assets against any decrease in value from the beginning of the automatic stay, and, because the stay is instituted the moment the petition is filed, the protection from depreciation also begins at that moment. This is the tradeoff the automatic stay creates for creditors and debtors: creditors are prevented from seizing their secured assets in order to provide debtors with "breathing room" to reorganize; in return, the creditors' present value is preserved throughout the reorganization through adequate protection (and priority of its claim).

394 F.3d at 387 (emphasis in original); *accord Bank of N.Y. Trust Co. NA v. Pac. Lumber Co. (In re Scopac)*, 624 F.3d 274, 282 (5th Cir. 2010).  Here, Bank's interest in the Equipment has and will continue to diminish while it awaits the Trustee's decision on abandonment.  But secured creditors aren't supposed to bear the risk that the debtor's reorganization efforts might fail.  *See In re Swedeland Dev't Group, Inc.*, 16 F.3d 552 (3rd Cir. 1994) ("Congress did not contemplate that a [secured] creditor could find its priority position eroded and, as compensation for the

erosion, be offered an opportunity to recoup dependent upon the success of a business with inherently risky prospects"); *In re Futures Equity L.L.C.*, Case No. 00-33682-BJH-11, 2001 Bankr. LEXIS 2229, at *16 (Bankr. N.D. Tex. Apr. 11, 2001) ("A creditor is not protected by projections of future success, particularly if those projections are themselves risky or contain speculation about successful future operations.") (citing *Swedeland*, 16 F.3d at 565-566).

Here, adequate protection is necessary to protect Bank's interest in the Equipment from diminution in value, but it has neither been offered nor can it be provided by the Trustee, thereby constituting "cause" to lift the stay. As over-the-road commercial trucks, the Equipment is subject to significant deterioration, depreciation, obsolescence, wear and tear, and breakage with its continued use. Bank is prepared to show that every month that passes, and every time the Equipment is used, its value deteriorates. The Trustee must provide Bank with continued insurance and cash payments to cover this loss in value, replacement liens to protect its interest, or the "indubitable equivalent" of the value lost over time.

Further, relief from the automatic stay must be granted here because the Debtor has no equity in the Equipment, and it is not necessary for an effective reorganization. Section 362(g) allocates to the movant the burden of proving lack of debtor's equity in property, while the trustee carries the burden of proving all other issues.

WHEREFORE, PREMISES CONSIDERED, Bank respectfully requests that this Court (i) grant the Motion, (ii) terminate the automatic stay in favor of Bank so that it may exercise its contractual and legal remedies against the Equipment and its proceeds (including insurance proceeds), or alternatively, require that the Trustee adequately protect Bank's interest in the Equipment, as set forth above as a condition for maintaining the automatic stay, and (iii) grant Bank any further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Larry Chek*
Larry Chek
State Bar No. 04174650
**Palmer Lehman Sandberg PLLC**
8350 N. Central Expressway, Suite 1111
Dallas, Texas 75206
Telephone: (214) 242-6444
Facsimile: (214) 265-1950

ATTORNEYS FOR FIRST-CITIZENS BANK & TRUST COMPANY.

## CERTIFICATE OF CONFERENCE

On April 4, 2023, I attempted to confer with Mark Weisbart, trustee, via telephone about the requested relief and left a detailed voice message seeking consensual relief from the automatic stay. Mr. Weisbart responded by leaving a voicemail on April 12, 2023 indicating that he had not yet completed his review of this matter and inviting CIT to go ahead with the filing of its motion in the interim.

*/s/ Larry Chek*
Larry Chek

# CERTIFICATE OF SERVICE

The undersigned certifies that he served all parties requesting notice in this case with a copy of the foregoing Motion via this Court's ECF electronic filing system on the date of filing of the Motion (**4/12/2023**). In addition, on such date, a copy of the foregoing Motion was served by first class U.S. mail upon the following parties:

Joyce W. Lindauer  (debtor's counsel)
1412 Main Street, Suite 500
Dallas, TX  75202

Raymak Enterprises, LLC (debtor)
P.O. Box 27
Sanger, TX  76266

Mark Weisbart, chapter 7 trustee
10501 N. Central Expy. Suite 106
Dallas, TX  75231-2203

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702

American Express National Bank
 c/o Zwicker & Associates, P.C.
80 Minuteman Road
 P.O. Box 9043
Andover, MA 01810-1041


　　　　　　　　　　　　　　　　　　　　　　　　/s/  Larry Chek
　　　　　　　　　　　　　　　　　　　　　　　　Larry Chek