IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | |
| RAYMAK ENTERPRISES, LLC, § | Case No. 23-40141-btr-13 |
| § | (Chapter 7) |
| Debtor § | |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Came on to be considered on this day the Motion for Relief from the Automatic Stay Against Property or, Alternatively, for Adequate Protection (the "*Motion*") filed by First-Citizens Bank & Trust Company aka CIT Bank ("*Bank*"), a secured creditor.

The Court finds that the Motion was properly served pursuant to Federal and Local Rules of Bankruptcy Procedure and that it contained the appropriate fourteen (14) day negative notice language, pursuant to LBR 4001, which directed any party opposed to the granting of the relief sought by the Motion to file a written response within fourteen days or the Motion would be deemed by the Court to be unopposed. The Court finds that no objection to the Motion was timely filed. After consideration of the Motion, the Court finds that there is cause for relief from the automatic stay as to the following equipment that is Bank's collateral (collectively, the "*Equipment*"):

- 2012 Freightliner Cascadia truck tractor VIN 1FUJGLDR1CSBH2371;

- three (3) 2013 Freightliner Cascadia sleeper truck tractors VINs 3AKJGLDR4DSFB9370, 1FUJGLDRXDSBV3310, and 1FUJGLDR2DLBT3711;

- three (3) 2014 Freightliner Cascadia truck tractors VINs

3AKJGLD67ESFM1357, 3AKJGLD69ESFM1389, and 3AKGGLD56ESFY0703;

- 2011 Peterbilt model 386 truck tractor VIN 1XPHD49X1BD129471; and

- three (3) 2016 model year truck tractors, including a Freightliner VIN 3AKJGLBG0GSGW1760 and two (2) Internationals VINs 3HSDJAPR0GN137182 and 3HSDJAPR6GN137185.

Accordingly,

It is ORDERED, ADJUDGED and DECREED as follows:

ORDERED that the automatic stay under section 362(a) is hereby terminated as to the Equipment and any insurance proceeds thereof, and Bank may proceed without further order of the Court to exercise one or more of its contractual and legal remedies with respect to the Equipment, including repossession and foreclosure sale thereof; and it is further

ORDERED that, since the Motion was unopposed by any party, the fourteen (14) day stay period otherwise imposed by Fed. R. Bankr. P. 4001(a)(3) shall not be applicable to the relief granted under this Order.

### END OF ORDER ###

Prepared by:

Larry Chek
Palmer Lehman Sandberg, PLLC
8350 North Central Expressway, Suite 1111
Dallas, Texas  75206