IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-40141 |
| RAYMAK ENTERPRISES, LLC | § | |
| | § | CHAPTER 7 |
| DEBTOR. | § | |

### MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING VEHICLES, OR ALTERNATIVELY, MOTION FOR ADEQUATE PROTECTION

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

NOW COMES U.S. Bank National Association d/b/a U.S. Bank Equipment Finance (hereinafter "U.S. Bank"), and files this Motion for Relief from Automatic Stay Regarding Vehicles, Or Alternatively, Motion for Adequate Protection (the "Motion") and in support thereof would respectfully show the Court the following:

# I.
## Jurisdiction

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Section 362(d) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Section 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 57.

# II.
## Relevant Facts

2. On or about January 25, 2023 (the "Petition Date"), Raymak Enterprises, LLC ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Code, Sections 101 *et seq*., as amended (the "Bankruptcy Code").

3. Prior to the Petition Date, on or about August 7, 2021, Debtor signed and executed an Equipment Finance Agreement (the "Agreement") with U.S. Bank. Pursuant to the terms of the Agreement, in exchange for Debtor paying to U.S. Bank forty-eight (48) monthly payments of $1,284.34 on the 10th day of each month beginning thirty days after the start of the Agreement, U.S. Bank financed Debtor's purchase of the following described vehicles (collectively, the "Vehicles"):

| Equipment Description | VIN |
| --- | --- |
| 1 2015 International Conventional | 3HSDJAPR4FN572155 |
| 1 2015 International Conventional | 3HSDJAPR2FN128174 |

A true and correct copy of the Agreement is attached hereto as Exhibit "A."

4. As set forth in paragraph 3 of the Agreement, Debtor granted to U.S. Bank a security interest in the Vehicles. U.S. Bank thereafter perfected its interest in the Vehicles by noting its lien interest on the Vehicles' respective Certificates of Title on September 10, 2021. A true and correct copy of the Vehicles' Certificates of Title reflecting U.S. Bank's first priority lien are attached hereto

as Exhibit "B."[1]

5. After accounting for all lawful offsets, credits, and payments, Debtor is indebted to U.S. Bank in the amount of $42,640.08. A true and correct copy of the Debtor's Payment History reflecting payments made by Debtor as well as an itemized list of payments missed along with pre-petition late charges is attached hereto and incorporated herein by reference as Exhibit "C."[2]

6. As of the Petition Date, Debtor judicially admits the fair market value of the Vehicles are $45,160.00 according to Debtor's Schedule "D" [Doc. # 1, pp. 19]. However, after accounting for costs associated with repossession, storage, reconditioning, marketing, and sale of the Vehicles by U.S. Bank, there is estimated to be no remaining equity available to the Chapter 7 Trustee or Debtor's bankruptcy estate.

7. The Trustee and/or Debtor continue to possess the Vehicles but have not offered adequate protection to U.S. Bank. Further, neither the Debtor nor the Chapter 7 Trustee have proposed to reaffirm the debt to U.S. Bank, surrender the Vehicles, or redeem the Vehicles. No statement of intent has been filed by the Debtor or any other party concerning the proposed disposition of the Vehicles in this bankruptcy case.

### III.
### Relief from Stay

8. By reason of the foregoing, U.S. Bank requests the Court terminate the automatic stay so U.S. Bank may exercise all of its rights and remedies against the Vehicles under state law, including, <u>inter alia</u>, foreclosing its first priority security interests in the Vehicles. A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in

---

[1] Prior to the financing of the Vehicles with US Bank, the Vehicles had been financed by Wells Fargo Equipment Finance who released the liens on the Vehicles.
[2] US Bank also requests the Court take judicial notice of its Proof of Claim, which was filed on March 27, 2023, and was assigned Claim # 9.

property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

9. Cause exists to immediately vacate the automatic stay in the instant case with respect to the Vehicles because it is unclear whether Debtor or the Chapter 7 Trustee are properly storing and maintaining the Vehicles, which continue to depreciate in value. Further, neither Debtor nor the Chapter 7 Trustee have provided valid proof of insurance coverage as to the Vehicles, and without valid or effective insurance coverage as to the Vehicles, U.S. Bank has no recourse in the event the Vehicles are lost, damaged, destroyed or stolen.

10. Cause also exists to lift the automatic stay due to the lack of adequate protection as required by §§ 361 and 363(e) of the United States Bankruptcy Code (the "Bankruptcy Code"), which the Chapter 7 Trustee has neither offered nor provided. Adequate protection is required due to the continuing diminution in value of the Vehicles from wear and tear, weathering, depreciation from use, and technological obsolescence with the passage of time. It is appropriate and necessary for the Chapter 7 Trustee to adequately protect U.S. Bank's interest in the Vehicles by making monthly cash payments equal to the diminution in value, and maintaining adequate loss insurance on the Vehicles. For all of the foregoing reasons, it is respectfully submitted that U.S. Bank's security interest in the Vehicles is not adequately protected, and therefore sufficient grounds exist to warrant lifting the stay as to the Vehicles pursuant to 11 U.S.C. § 362(d)(1).

11. Cause further exists to terminate the automatic stay pursuant to 11 U.S.C. §362(h)(1) because Debtor failed to file a statement of intention within the deadline set forth in Bankruptcy Code section 521(a)(2). The relevant text of 11 U.S.C. § 362(h)(1) sets forth as follows:

> In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the

> estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2) – (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable…

Meanwhile, the deadline to file a statement of intention pursuant to section 521(a)(2) of the Bankruptcy Code is defined as thirty (30) days after the date of the filing of a petition under chapter 7 or on or before the date of the meeting of creditors, whichever is earlier. According to the docket, the 341 meeting of creditors was held and concluded on February 24, 2023, and the bankruptcy was filed on January 25, 2023. Thus, the deadline for the Debtor to file a statement of intention has long since passed. Yet, as set forth in the *Matter of Johnson*, a debtor is required to file a statement of intention and is limited to the three options set forth in the statute. *Matter of Johnson*, 89 F.3d 249, 252 (5th Cir. 1996). Otherwise, the remedy for a debtor's failure to file a statement of intention is to seek relief from the automatic stay and foreclose. *Id.*

12. Moreover, sufficient grounds exist to lift the automatic stay with respect to 11 U.S.C. § 362(d)(2), as the Debtor does not have any equity in the Vehicles based on the value of the Vehicles, the costs associated with the repossession, storage, reconditioning, marketing, and sale of the Vehicles, and the indebtedness owed to U.S. Bank under the Agreement. Since the Debtor filed a Chapter 7 liquidation proceeding, the Vehicles are not necessary to the Debtor's effective reorganization.

13. U.S. Bank requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of

Rule 4001(a)(3) should be waived and U.S. Bank be permitted to immediately enforce and implement the order granting relief from the automatic stay.

WHEREFORE, PREMISES CONSIDERED, U.S. Bank requests that this matter be set for a hearing, as provided in Sections 362(e) and 1301(d) of the Bankruptcy Code and that the Court enter an Order granting Movants relief from the Automatic Stay to permit U.S. Bank to foreclose its lien on the Vehicles, and grant to U.S. Bank such other and further relief to which it may be justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax


/s/ Christopher V. Arisco
Mark W. Stout
State Bar I.D. # 24008096
mstout@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com
*Attorneys for U.S. Bank*

## CERTIFICATE OF CONFERENCE

I certify that on April 19, 2023, I placed a phone call to the Chapter 7 Trustee, Mark Weisbart, via telephone and discussed the relief sought in this Motion. Mr. Weisbart indicated he could not provide a position on the stay relief motion without conducting additional investigation and reviewing the contents of the motion for purposes of conducting an equity analysis in the Vehicles. However, he invited U.S. Bank to go ahead and file this Motion in the interim.

/s/ Christopher V. Arisco
Christopher V. Arisco

## **CERTIFICATE OF SERVICE**

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Monday, June 5, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| **Raymak Enterprises, LLC**<br>104 Kiowa Drive W<br>Gainesville, Texas 76240<br><br>*Debtor* | **Joyce Lindauer**<br>Joyce Lindauer, Attorney<br>1412 Main Street, Suite 500<br>Dallas, Texas 75202<br><br>*Attorneys for Debtor* |
|---|---|
| **Mark A. Weisbart**<br>Chapter 7 Bankruptcy Trustee<br>10501 N. Central Expwy, Suite 106<br>Dallas, Texas 75231-2203<br><br>*Chapter 7 Trustee* | **U.S. Trustee**<br>Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, Texas 75702<br><br>*United States Trustee* |
| **All those parties receiving ECF filings in this case.** | |

                                           */s/ Christopher V. Arisco*
                                           Christopher V. Arisco