**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
(SHERMAN DIVISION)**

In re:

RAYMAK ENTERPRISES, LLC,

    Debtor.

_____/

Case No.: 23-40141

Chapter 7

**WESTLAKE FLOORING COMPANY, LLC'S UNOPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING VEHICLES, AND WAIVER OF 30-DAY HEARING REQUIREMENT**

<u>**14-DAY NEGATIVE NOTICE – LBR 4001(a):**</u>

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you <u>must</u> file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>*WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE*</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

1

**TO THE HONORABLE BRENDA T. RHODES, U.S. BANKRUPTCY JUDGE:**

Westlake Flooring Company, LLC dba Westlake Flooring Services ("Westlake") files this Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory ("Motion") and Waiver of 30-Day Hearing Requirement. In support of the Motion, Westlake respectfully states the following:

## I.
## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157, 1334. The predicates for the relief requested herein are 11 U.S.C. §§ 105, 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## II.
## BACKGROUND

2.  On January 25, 2023, Raymak Enterprises, LLC ("Debtor") filed a Chapter 7 bankruptcy petition in the Sherman Division of the Eastern District of Texas ("Petition Date") as Case No. 23-40141.

3.  Westlake provides secured financing to car dealerships throughout the country to finance their inventory held for resale to retail consumers ("floor plan financing"). *See* Decl. in Support of Motion for Relief from Automatic Stay, attached as Exhibit 1, ¶ 4.

4.  On April 15, 2021, Debtor and Westlake executed a Promissory Note and Loan and Security Agreement ("PNLSA"). *Id.* ¶ 5; a copy of the PNLSA is attached to the Declaration as Exhibit A.

5.  The PNLSA granted Debtor a credit line of $175,000.00 for financing vehicles in its inventory. *Id.* ¶ 6.

6. Pursuant to the PNLSA, Debtor granted Westlake a security interest in the following property ("PNLSA Collateral"):

> [A]ll . . . assets and properties, wherever located, including, without limitation, all equipment of any kind or nature; equipment, fixtures, goods; all vehicles and vehicle parts; all Inventory now owned or hereafter acquired, wherever located, including, without limitation, all Lender Financed Inventory now owned or hereafter acquired; all amounts in [Debtor's] accounts, accounts receivable, manufacturer rebates and incentive payments, chattel paper, including, without limitation, all Receivables and general intangibles now owned or hereafter acquired by [Debtor]; all cash reserves; all of [Debtor's] books and records (including any books and records contained in computer hardware or software or otherwise stored by or on behalf of [Debtor] in electronic or digital form); and all additions, accessions, accessories, replacements, substitutions, and proceeds of any of the foregoing.

*Id.* ¶ 7; Ex. A § 1(a).

7. On April 28, 2021, Westlake recorded a UCC-1 with the Texas Secretary of State, File Number 78631512. *Id.* ¶ 8; a copy of the recorded UCC-1 is attached to the Declaration as Exhibit B.

8. Debtor used the credit line under the PNLSA to purchase the following vehicles in which Westlake has a secured first lien interest:

| Vehicle Description | VIN |
| --- | --- |
| 2015 Freightliner Cascadia | 3AKJGLD54GSGX1395 |
| 2013 Peterbilt 587 Premium | 1XP4D49X9DD190651 |
| 2015 Peterbilt 587 | 1XP4DP9X3FD248483 |
| 2014 Freightliner Cascadia | 3AKJGLD63ESFM1386 |

("Vehicles"). *Id.* ¶ 9.

9. Westlake's first priority secured interest in the Vehicles is evidenced by the PNLSA, the recorded UCC-1, and the Comprehensive Dealer Summary ("Summary") that

identifies the Vehicles floorplanned by Debtor with Westlake that remain unpaid and further identifies the floored amounts, outstanding balance, non-auction payments, outstanding fees, outstanding interest, outstanding insurance, and outstanding principal. *Id.* ¶ 10; a copy of the Summary is attached to the Declaration as Exhibit C.

10. Debtor defaulted on the PNLSA by failing to remit the installment due for January 11, 2023, and all subsequent payments due. *Id.* ¶ 11.

11. Westlake is and was at all times material the legal owner and holder of the PNLSA and the security interest in the Vehicles. *Id.* ¶ 12.

12. Debtor owes Westlake $142,178.12 as of January 11, 2023, plus accruing interest and fees ("Indebtedness"). *Id.* ¶ 13.

13. The Indebtedness has not been repaid and Westlake retains its lien on the Vehicles. *Id.* ¶ 14.

14. The Vehicles secure the entire Indebtedness, and not merely a portion thereof. *Id.* ¶ 15.

15. Debtor continues to use the Collateral, including the Vehicle, resulting in continuous depreciation to the Vehicles' value diminishing Westlake's security interest. Further, Debtor's continued use of the Vehicles may cause additional depreciation or loss in value due to casualty loss, theft, improper storage, improper maintenance, or vandalism. It is also unknown whether valid insurance coverage applies to the Vehicles, or if the Vehicles are stored at a location other than Debtor's sales lot.

# III.
# RELIEF REQUESTED AND BASIS FOR RELIEF

16. Westlake requests the Court to terminate the automatic stay so it may exercise its rights and remedies against the Vehicles under state law, including foreclosing its ownership and/or first priority security interests.

## A. Lack of Adequate Protection and Cause for Lifting the Automatic Stay.

17. Under Section 362(d)(1), the bankruptcy court shall lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998); *see also In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997) (opining that cause is not defined in the Bankruptcy Code, "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case"). Whether cause exists is committed to the discretion of the bankruptcy court, and the bankruptcy court's decision will be overturned only if there was an abuse of discretion. *MacDonald v. MacDonald (In re MacDonald)*, 755 F.2d 715, 717 (9th Cir. 1985).

18. A lack of "adequate protection" is cause to grant relief from the automatic stay. *See* 11 U.S.C. § 362(d)(1). The purpose of adequate protection is to protect an entity with an interest in property against any decrease in value of that interest that might be caused by the use of the property. *See U.S. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n, Ltd.*, 484 U.S. 365, 370 (1988) (opining that a creditor's interest in property is not adequately protected if collateral is declining in value faster than debt secured by that property is serviced or paid down). "To establish a *prima facie* case for cause due to lack of adequate protection, a movant must initially demonstrate that it holds a claim, secured by a valid, perfected lien upon estate property and that a decline in the value

of its collateral is either occurring or is threatened . . ." *In re Kowalsky*, 235 B.R. 590, 595 (Bankr. E.D. Tex. 1999) (internal citations omitted); *see also In re Kleibrink*, 346 B.R. 734, 760 (Bankr. N.D. Tex. 2006 (noting that a movant must demonstrate that decline in the value of its collateral is either occurring or threatened to establish a prima facie case for cause for relief from the automatic stay). Once the movant presents this prima facie case of a lack of adequate protection, the burden shifts to the debtor to show that the collateral at issue is not declining in value. *Id.*

19. As noted by the *Kowalsky* court:

> The determination of whether a creditor's interest is adequately protected is not an exact science nor does it involve a precise arithmetic computation. It involves a careful balancing of all relevant factors in a particular case, including the value of the collateral, whether the collateral is likely to depreciate over time, the debtor's prospects for a successful reorganization and the debtor's performance under the plan. Other considerations may include the balancing of hardships between the parties and whether the creditor's property interest is being unduly jeopardized.

*Kowalsky* at 595–96 (citing *In re Olick*, 221 B.R. 146, 161 (Bankr. E.D. Pa. 1998)).

20. Here, cause exists to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because: (1) it is unclear whether valid and effective insurance coverage exists as to the Remaining Inventory; and (2) Debtor's continued use of the Vehicles jeopardizes and irreparably harms Westlake's security interest securing the Indebtedness under the PNLSA since it has failed to remit its monthly payment due January 11, 2023, and all subsequent payments due thereafter. Alternatively, Westlake requests entry of an order granting it sufficient adequate protection that places stringent conditions and restrictions on Debtor's possession, use, and storage of the Vehicles.

21. Stay relief is also requested pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code. Debtor has no equity interest in the Vehicles, as the Indebtedness amount exceeds their fair market value.

22. Westlake does not have and has not been offered adequate protection for its interest in the Vehicles.

23. If Westlake is not permitted to take possession of the Vehicles and foreclose its interest, it will suffer injury, loss, and damage.

24. Westlake hereby waives the thirty-day hearing requirement specified in 11 U.S.C. § 362.

25. Westlake respectfully requests that an order granting this Motion, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and Westlake be permitted to immediately enforce and implement the order granting relief from the automatic stay.

## IV.
## CONCLUSION

For the reasons stated herein, Westlake respectfully requests entry of an order lifting the automatic stay as to the Vehicles, and that the Court enter the attached proposed Order Lifting Automatic Stay Regarding Vehicles granting Westlake relief from the Automatic Stay to permit it to foreclose its lien on the Vehicles as requested in this Motion or alternatively grant Westlake adequate protection as a result of Debtor's continued use and possession of the Vehicles, and such other and further relief to which it may be justly entitled.

**CERTIFICATE OF CONFERENCE**

Undersigned counsel certifies that on August 16, 2023, he conferred with counsel for the debtor who advised that debtor does not oppose the relief requested herein.

Dated: August 17, 2023

Respectfully Submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Westlake Flooring Company, LLC dba Westlake Flooring Services*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
JRLII@lgplaw.com

By:  /s/ *James R. Liebler, II, Esq.*
JAMES R. LIEBLER, II
Florida Bar No. 115348

## CERTIFICATE OF SERVICE

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on August 17, 2023; said e mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

**Raymak Enterprises, LLC**
104 Kiowa Drive W
Gainesville, Texas 76240
*Debtor*

**Mark A. Weisbart**
Chapter 7 Bankruptcy Trustee
10501 N. Central Expwy, Suite 106
Dallas, Texas 75231-2203
*Chapter 7 Trustee*

**All those parties receiving ECF filings in this case.**

**Joyce Lindauer**
Joyce Lindauer, Attorney
1412 Main Street, Suite 500
Dallas, Texas 75202
*Attorneys for Debtor*

**U.S. Trustee**
Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702
*United States Trustee*

/s/ *James R. Liebler, II*
JAMES R. LIEBLER, II

8